UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CARLOS A. McGREW (#413135)**                                   CIVIL ACTION

**VERSUS**

**LT. CINDI VANNOY, ET AL.**                                     NO. 10-0538-RET-CN

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, May 10, 2011.

                                        **MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**CARLOS A. McGREW (#413135)**   CIVIL ACTION

**VERSUS**

**LT. CINDI VANNOY, ET AL.**   NO. 10-0538-RET-CN

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the defendants' Motions to Dismiss, rec.doc.nos. 34 and 42. These motions are opposed.

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Lt. Cindi Vannoy, Col. Eli Wilson and LSP Mailroom Inspectors Nos. 1, 2, 4, 5,6, 9, 10, 11 and 13, complaining that the defendants have violated his constitutional rights by opening his legal mail and by refusing to add his attorney's telephone number to his approved telephone list.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint is subject to dismissal if a plaintiff fails "to state a claim upon which relief can be granted." In Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and more recently, in Ashcroft v. Iqbal, _____ U.S. _____, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" Bell Atl. Corp. v. Twombly, supra, quoting Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See also Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Notwithstanding, although

"detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must furnish "more than labels and conclusions" or the" formulaic recitation of the elements of a cause of action" in order to provide the "grounds" of "entitle[ment] to relief." Bell Atl. Corp. v. Twombly, supra. See also Papasan v. Allain, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). The Court stated that there is no "probability requirement at the pleading stage," Bell Atl. Corp. v. Twombly, supra, but "something beyond ... mere possibility ... must be alleged." Id. The facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level," or must be sufficient "to state a claim for relief that is plausible on its face," Id. (abandoning the "no set of facts" language set forth in Conley v. Gibson, supra). A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, supra. Where a Complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, supra. See also Bell Atl. Corp. v. Twombly, supra. Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, supra (citations omitted).

In his Complaint, the plaintiff alleges that, commencing in July, 2009, correspondence sent to him and marked as "Legal Mail" has been opened outside of his presence by mailroom personnel at LSP. From

attachments to his Complaint, it appears that this correspondence has consisted, for the most part, of communications sent to him from The Advocacy Center in New Orleans, Louisiana, described by the plaintiff as a non-profit organization "comprised of both civil and defense attorneys licensed to practice law in Louisiana." In addition, the plaintiff complains of several items of opened correspondence from the Louisiana State University Law Center Library, from the Louisiana Registrar of Voters and, on one occasion, from attorney Jill L. Craft. Finally, the plaintiff complains that in February, 2010, he requested that the telephone number of his attorney be added to his approved telephone list, but prison officials refused this request because the plaintiff was on "phone restriction" until March 19, 2010. The plaintiff asserts that the defendants' actions have violated his right to free speech and access to the courts under the First and Sixth Amendments, as well as his right to due process and equal protection under the Fourteenth Amendment to the United States Constitution. The plaintiff also makes reference to the regulations of the Louisiana Department of Public Safety and Corrections, which provide that identifiable legal mail from attorneys, governmental agencies and certain other persons or entities may be opened and inspected for contraband by prison officials, but only in the presence of the inmate to whom it is addressed.

Based upon the foregoing, the Court concludes that the defendants' Motion to Dismiss, rec.doc.no. 34, should be granted.[1] Addressing first the plaintiff's claim regarding the opening of his legal mail, the United States Court of Appeals for the Fifth Circuit has recognized in this context that a prison official's <u>interference</u> with a prisoner's legal mail may violate the prisoner's First Amendment right to free speech as

---

[1] In light of the Court's determination that the instant Motion to Dismiss, rec.doc.no. 34, should be granted, the defendants' second-filed Motion to Dismiss, rec.doc.no. 42, should be denied as moot.

well as his Sixth Amendment right of access to the courts. Brewer v. Wilkinson, 3 F.3d 816 (5th Cir. 1993), cert. denied, 510 U.S. 1123, 114 S.Ct. 1081, 127 L.Ed.2d 397 (1994). However, in the free speech context, the Fifth Circuit has concluded that the mere opening and inspection of incoming prisoner legal mail, even if it occurs outside of the prisoner's presence and even if it is in violation of prison regulations, does not provide a basis for relief under § 1983. Id. (recognizing that "the violation of [a] prison regulation requiring that a prisoner be present when his incoming legal mail is opened and inspected is not a violation of a prisoner's constitutional rights"). Accordingly, the plaintiff's First Amendment free speech claim is without merit and must be dismissed. See also Singletary v. Stalder, 273 F.3d 1108 (5th Cir. 2001) (reaffirming that "prisoners do not have a constitutional right to be present when privileged, legal mail is opened and inspected"). Further, it is well-settled that, in order to state a claim of the violation of the Sixth Amendment right of access to the courts, an inmate must allege that he has suffered some cognizable legal prejudice as a result of the alleged wrongful conduct. See Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). The plaintiff in the instant case, however, has failed to allege that he suffered any prejudice whatever as a result of the defendants' actions. Accordingly, his Sixth Amendment claim arising from the opening of his incoming legal mail is also without merit. See Sanders v. Carnley, 100 Fed.Appx. 236 (5th Cir. 2004) (finding that an inmate's claim that a sergeant opened incoming legal mail outside of the inmate's presence was insufficient to establish denial of access to the courts); Jones v. Mail Room Staff, 74 Fed.Appx. 418 (5th Cir. 2003) (holding that inmate's failure to allege that he was prejudiced in any way in a legal proceeding or prevented from filing administrative grievances because the mail room staff opened his incoming legal mail was

insufficient to allege a violation of his right of access to the courts).[2]

The Court also finds that the plaintiff's remaining claim, that the defendants denied his request to add the telephone number of his attorney to his approved telephone list in February, 2010, is also subject to dismissal. As with the previous claim, the plaintiff has failed to allege any prejudice resulting from this deprivation. Further, prisoners have no right to unlimited telephone use, even to contact their attorneys. See Lopez v. Reyes, 692 F.2d 15 (5th Cir. 1982). See also Washington v. Reno, 35 F.3d 1093 (6th Cir. 1994), citing Benzel v. Grammar, 869 F.2d 1105 (8th Cir.), cert. denied, 493 U.S. 895, 110 S.Ct. 244, 107 L.Ed.2d 194 (1989). In this regard, an action by prison officials which restricts or limits an inmate's access to the telephone does not violate constitutional rights so long as the inmate does not suffer from an inability to communicate with the courts, counsel, family or friends. Hill v. Estelle, 537 F.2d 214 (5th Cir. 1976). In the instant case, it appears that the plaintiff's request was denied because, at the time that he made the request, he was restricted from telephone usage and was placed on "telephone restriction" as punishment for an unspecified rule violation or other disciplinary action. According to documentation provided by the plaintiff, however, this restriction was admittedly temporary and was apparently slated to conclude shortly thereafter, on March 19, 2010. Nothing prevented the plaintiff from communicating with his attorneys through the mails during that period, and in fact, he has provided copies of numerous items of correspondence which reflect that he was able to so communicate. Thus, the Court

---

[2] To the extent that the plaintiff's Complaint may be interpreted as alleging the violation of the regulations of the Louisiana Department of Public Safety and Corrections relative to the inspection of incoming legal mail, the law is clear that a mere violation of state regulations is not actionable under § 1983. See Jackson v. Cain, 864 F.2d 1235 (5th Cir. 1989).

concludes that the plaintiff has failed to show that unreasonable limitations were placed on his ability to use the telephone. See Castillo v. Blanco, 2007 WL 2264285 (E.D. La., Aug. 1 2007) (finding no violation where inmate was denied use of the telephone while housed in administrative segregation, "especially where adequate alternative means of communication, such as access to the mail, [was] available"); Decraene v. United States, 1999 WL 246708 (E.D. La., April 26, 1999) (same); Brown v. Day, 1999 WL 816378 (E.D. La., Oct. 7, 1999) (dismissing claim, as frivolous, that inmate was not allowed to utilize the telephone for a period of 84 days). Cf., Lewis v. Dretke, 54 Fed.Appx. 795 (5th Cir. 2002) (concluding that 90-day deprivation of telephone privileges did not implicate a protected liberty interest); Mays v. Reese, 2006 WL 3877391 (S.D. Miss., July 18, 2006) (same). For this reason, therefore, the plaintiff's claim relative to the defendants' refusal to add his attorney's telephone number to his approved telephone list is subject to dismissal as being without cognizable legal merit.

## RECOMMENDATION

It is recommended that the defendants' Motion to Dismiss, rec.doc.no. 34, be granted, dismissing the plaintiff's claims asserted against the defendants, with prejudice. It is further recommended that the defendants' second-filed Motion to Dismiss, rec.doc.no. 42, be denied as moot, and that this action be dismissed.

Signed in chambers in Baton Rouge, Louisiana, May 10, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**